IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL GILMORE *Administrator of the Estate of Jenna Lyn Gilmore*,
          Plaintiff,

          v.

FORD MOTOR COMPANY *a foreign corporation*,
          Defendant.

12cv547
**LEAD CASE**

**ELECTRONICALLY FILED**

---

MICHAEL L. PLESKOVICH, et al,
          Consolidated Plaintiffs,

          v.

FORD MOTOR COMPANY *a foreign corporation*,
          Consolidated Defendant.

12cv548
**MEMBER CASE**

**MEMORANDUM ORDER RE: FORD MOTOR COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. NO. 70)**

### I. Introduction

This case centers around a 2010 fatal car accident and whether Defendant (as manufacturer of the vehicle involved in the accident) is liable to the Plaintiffs' decedents. Doc. No. 1. The Court has previously ruled on Ford's Motion to Dismiss and dismissed Counts II (breach of warranty of merchantability), III (breach of warranty of fitness for a particular purpose), and V (breach of express warranty) of Plaintiffs' Complaint with prejudice. Doc. Nos. 19-20. After this Court's ruling, Plaintiff's Complaint alleges two causes of action: (1) strict liability (Count I) and (2) negligence (Count IV). Doc. No. 1.

Currently pending before this Court is Ford's Motion for Partial Summary Judgment Doc. No. 70. After careful consideration of the pending Motion, brief in support thereof (Doc.

Nos. 71), and Plaintiffs' Response in Opposition (Doc. No. 77),[1] Ford's Motion for Partial Summary Judgment (Doc. No. 70) will be DENIED.

## II.  Statement of the Facts

On or about May 16, 2010, in Washington County, Pennsylvania, Michael Craig Pleskovich (Plaintiffs' decedent in 12-cv-00548) was driving his 2000 Ford Ranger pick-up truck, which was manufactured and distributed by Defendant.  Doc. No. 1-3, ¶¶ 3-4.  Jenna Gilmore (Plaintiff's decedent in 12-cv-00547) was a passenger in the vehicle.  Id. at ¶ 5. Decedent Pleskovich's truck collided with another vehicle and caused him and his passenger, decedent Gilmore, to be ejected.  Id. at ¶ 6-11.  Both of the Plaintiffs' decedents sustained fatal injuries.  Id. at ¶ 12.

## III. Discussion/Order

Ford moves this Court to dismiss portions of Plaintiffs' Complaints "which set forth theories of liability not included in their September 14, 2012, Statement of Claims (Doc. No. 52)."  Doc. No. 71, 2.  The Statement of Claims was filed at the direction of the Court.  Doc. No. 50.

Plaintiffs' Statement of Claims sets forth their theories of liability based upon Ford's alleged failure to design the 2000 Ford Ranger to minimize the risk of partial or full ejection through side passenger windows during a rollover crash.  Doc. No. 52, ¶ 1.  Specific alleged failures are detailed including failure to have an "ejection mitigation system", high-penetration resistant laminated glass, and certain airbags.  Id. at ¶ 1(a)-(d).

---

[1] The Court ordered that Defendant could file a Reply Brief on or before November 30, 2012. 11/9/2012 Text Order.  No Reply Brief was filed.

Ford contends that it will be unduly burdensome and potentially prejudicial for it to defend itself against claims in Plaintiffs' Complaints that are not included in their Statement of Claims.  Doc. No. 71, 4.  As such, Ford argues that "Plaintiffs should be held to the bounds of their Statement of Claims so that Ford many know exactly what it is defending."  Id. at 5.

Ford has not cited any case for this proposition and has been aware of the claims against it since March 2012.  Doc. No. 1-3.  The Court finds that no portion of Plaintiff's Complaint should be dismissed.  This case will proceed in accordance with this Court's Pre-Trial Order.  Doc. No. 36.

AND NOW, this 3rd day of December 2012, IT IS HEREBY ORDERED that Ford's Motion for Partial Summary Judgment (Doc. No. 70) is DENIED.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties