IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GILMORE *Administrator of the Estate of Jenna Lyn Gilmore*,<br>    Plaintiff,<br><br>        v.<br><br>FORD MOTOR COMPANY *a foreign corporation*,<br>    Defendant,<br><br>        v.<br><br>CHARLES COOPER and MICHAEL L. PLESKOVICH and BARBARA J. PLESKOVICH as Administrators of the Estate of Michael Craig Pleskovich,<br>    Third-Party Defendants,<br><br>        v.<br><br>FRANK JANOSS,<br>    Third-Party Defendant. | 12cv547<br>**LEAD CASE**<br>**ELECTRONICALLY FILED** |
| MICHAEL L. PLESKOVICH, *et al*,<br>    Consolidated Plaintiffs,<br><br>        v.<br><br>FORD MOTOR COMPANY *a foreign corporation*,<br>    Consolidated Defendant,<br><br>        v.<br><br>CHARLES COOPER,<br>    Third-Party Defendant,<br>        v.<br>FRANK JANOSS,<br>    Third-Party Defendant. | 12cv548<br>**MEMBER CASE** |

**MEMORADUM OPINION RE: FRANK JANOSS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. NO. 103); BARBARA AND MICHAEL PLESKOVICH'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 108); FORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO EXCLUDE THE OPINIONS OF PETER LEISS ON PLAINTIFFS' CRASHWORTHINESS CLAIMS OR IN THE ALTERNATIVE FOR A DAUBERT HEARING (DOC. NO. 112); AND FORD'S MOTION TO PRECLUDE OPINION OF STEPHEN BATZER AND FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CRASHWORTHINESS CLAIMS OR, IN THE ALTERNATIVE, FOR A DAUBERT HEARING (DOC. NO. 120)**

## I. Introduction

This case centers on a 2010 fatal car accident and whether Defendant, Ford Motor Company ("Ford"), is liable to Plaintiffs as the manufacturer of the vehicle involved in the accident. Doc. No. 1. These cases were removed from the Court of Common Pleas of Allegheny County by Defendant Ford and consolidated by this Court. Thereafter, Defendant Ford filed a Third-Party Complaint joining Charles W. Cooper ("Cooper"), and Barbara and Michael L. Pleskovich ("Pleskovichs") (as adminstrators of Michael Craig Pleskovich's estate) as Third-Party Defendants. Doc. No. 11. Cooper then joined Frank Janoss ("Janoss") as a Third-Party Defendant.

Currently pending before this Court are four Motions for Summary Judgment:

1. Motion for Partial Summary Judgment by Third-Party Defendant Janoss (Doc. No. 103);

2. Motion for Summary Judgment by Barbara and Michael Pleskovich as Third-Party Defendants (Doc. No. 108);

3. Motion for Partial Summary Judgment and Motion to Exclude the Opinions of Peter Leiss on Plaintiffs' Crashworthiness Claims or in the Alternative for a Daubert Hearing by Defendant Ford (Doc. No. 112); and

4. Motion for Partial Summary Judgment and Motion to Exclude the Opinions of Stephen Batzer on Plaintiffs' Crashworthiness Claims or in the Alternative for a Daubert Hearing by Defendant Ford (Doc. No. 120).

After careful consideration of the parties' Motions (Doc. Nos. 103, 108, 112, 120), briefs in support thereof (Doc. Nos. 104, 109, 113, 121), briefs in opposition thereto, and the parties' concise statements of material facts and supplements (Doc. Nos. 105-107, 110, 111, 114, 115, 118, 119, 122, 123, 126-131, 133, 136, 138, 140-148, 150-153), Janoss' Motion for Partial Summary Judgment (Doc. No. 103) will be GRANTED; the Motion for Summary Judgment filed by Barbara and Michael Pleskovich (Doc. No. 108) will be DENIED; and Defendant Ford's Motions for Partial Summary Judgment and Motions to Exclude the Opinions of Peter Leiss and Stephen Batzer on Plaintiffs' Crashworthiness Claims (Doc. Nos. 112 and 120) will be DENIED, for the reasons that follow.

**II. Statement of Facts**

The parties' pending Motions, apart from the Pleskovichs', are not based upon the facts of the case. Therefore, apart from this general overview, the facts of the case will only be discussed where applicable to a party's motion.

On or about May 16, 2010, in Washington County, Pennsylvania, Michael Craig Pleskovich (Plaintiffs' decedent in 12-cv-00548) was driving his 2000 Ford Ranger pick-up truck, which was manufactured and distributed by Defendant Ford. Doc. No. 1-3, ¶¶ 3-4. Jenna Gilmore (Plaintiff's decedent in 12-cv-00547) was a passenger in the vehicle. Id. at ¶ 5. Decedent Pleskovich's truck collided with another vehicle and caused him and his passenger, decedent Gilmore, to be ejected. Id. at ¶ 6-11. Plaintiffs' decedents sustained fatal injuries. Id. at ¶ 12. Third-Party Defendants Charles Cooper and Frank Janoss were involved in the car

accident. There are genuine issues of material fact as to the circumstances leading to the accident.

### III. Standard of Review

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986). "Facts that could alter the outcome are material facts." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 197 (3d Cir. 1994). Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not

establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s).  Id.

In reviewing a motion for summary judgment, the Court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion."  *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

**IV. Discussion**

    *A.    Motion for Partial Summary Judgment by Third Party Defendant Janoss (Doc. No. 103);*

Third-Party Defendant Charles Cooper joined Third-Party Defendant Frank Janoss and asserted claims for contribution and indemnity against him.  Janoss has moved for partial summary judgment and asserts that: (1) he is not liable to Cooper for contribution because Cooper entered into a pro tanto joint tortfeasor release with all Plaintiffs, and (2) he is not liable to Cooper for indemnity because there is no right to contractual or common law indemnity in this case.  Doc. No. 104.

Neither party disputes that Cooper entered into a pro tanto release with all Plaintiffs in April and June 2011.  Doc. No. 104, 133.  The releases provide that each Plaintiff may pursue any claims against any other party, but they "ha[ve] no further claims of any kind against Charles W. Cooper."  Doc. No. 102.  Cooper also agrees with Janoss' argument that according to the Uniform Contribution Among Tortfeasors Act ("UCATA"), "a joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement."  42 Pa.C.S.A. § 8324(c).  However, Cooper contends that the case law interpreting this statute,

5

including those cases cited by Janoss in support of his Motion for Summary Judgment, are distinguishable because they only apply to pro rata, not pro tanto, releases. Doc. No. 133, 3.

Janoss argues that Pennsylvania case law states that a third-party defendant is only liable for contribution to the original defendant if the original defendant is liable to the plaintiff. *Hanko v. United States*, 583 F. Supp. 1280, 1284 (W.D. Pa. 1984). Janoss contends that he is not liable to Cooper because, through the pro tanto release, Cooper is no longer liable to Plaintiffs. Doc. No. 104, 3-6. This Court agrees.

Cooper argues that the effect of the release should be determined by the ordinary meaning of its plain language and the parties' intentions, and the parties' pro tanto release "does not fully protect the settling tortfeasor inasmuch as it can be liable through cross-claims for liability assessed against it for any verdict in excess of the consideration paid for the release." Doc. No. 133, *see also Baker v. AC&S*, 729 A.2d 1140 (Pa. Super. 1999) *citing Wolbach v. Fay*, 412 A.2d 487 (Pa. 1980). In essence, Cooper argues that he is liable to Plaintiffs because he could be liable for any jury verdict in excess of his settlement and therefore has a claim for contribution against Janoss.

Cooper admits to finding no case law to support his position that a pro tanto release is distinguishable from the normal provisions of 42 Pa.C.S.A. § 8324(c). Doc. No. 133, 4. The Court declines to distinguish these types of release. Making an exception to the general provision would serve to discourage settlements. Cooper's pro tanto release with Plaintiffs relinquished any claims that they have against Cooper and therefore, because Cooper is not liable to Plaintiffs, Janoss cannot be liable to Cooper. Therefore, Janoss' Motion for Summary Judgment as to Contribution will be GRANTED.

Cooper does not oppose Janoss' Motion for Summary Judgment as to the Indemnity claim. Doc. No. 133, 6. Therefore, Janoss' Motion for Partial Summary Judgment as to Cooper's claim for Indemnity will be GRANTED.

B.  *Motion for Summary Judgment by Barbara and Michael Pleskovich as Third-Party Defendants (Doc. No. 108);*

Defendant Ford asserts claims for "Common Law Indemnity" and contribution against Barbara and Michael L. Pleskovich. Ford alleges Michael Craig Pleskovich (decedent of Third-Party Defendants) breached his duty of care and was negligent and, as such, caused his vehicle to strike Charles Cooper's vehicle which resulted in his and Jenna Gilmore's deaths. Doc. No. 11, para. 19-21.[1] The Pleskovichs contend that summary judgment must be granted to them as Third-Party Defendants because: (1) there is no evidence that Michael Craig Pleskovich caused or contributed to Jenna Gilmore's death, and (2) there is no "sufficient supplemental evidence" to support that Michael Craig Pleskovich was impaired by alcohol at the time of the accident. Doc. No. 109.

The Pleskovichs' Motion for Summary Judgment must be denied because there are genuine issues of material fact as to whether Michael Craig Pleskovich's actions contributed to Jenna Gilmore's death. Specifically, there is contested evidence that the driver's blood alcohol content was above the legal limit for minors in the Commonwealth of Pennsylvania. Doc. No. 92, 156. A reasonable jury could conclude that Michael Craig Pleskovich's alcohol consumption

---

[1] Third-Party Defendant Charles Cooper's Motion to Join Defendant Ford's Memorandum of Law in Opposition to the Pleskovichs' Motion for Summary Judgment was granted by this Court. Doc. No. 132.

could have diminished his reaction time or otherwise contributed to Jenna Gilmore's death.[2] Ford also intends to present evidence that Michael Craig Pleskovich failed his duty of care by not ensuring that Jenna Gilmore was secured with her seatbelt, which could lead a reasonable jury to conclude that this contributed to her death. Therefore, because genuine issues of material fact exist as to Michael Craig Pleskovich's alcohol consumption and his operation of the vehicle, the Pleskovichs' Motion for Summary Judgment must be DENIED.

> C. *Motion for Partial Summary Judgment and Motion to Exclude the Opinions of Peter Leiss on Plaintiffs' Crashworthiness Claims or in the Alternative for a Daubert Hearing (Doc. No. 112) and*
> *Motion for Partial Summary Judgment and Motion to Exclude the Opinions of Stephen Batzer on Plaintiffs' Crashworthiness Claims or in the Alternative for a Daubert Hearing (Doc. No. 120)*

The Court has a duty to determine whether expert testimony can be presented at trial pursuant to *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). Defendant Ford has moved this Court to exclude the opinions of Stephen Batzer, Ph.D., P.E., and Peter Leiss, B.S., because their opinions "fall far below the threshold criteria for admissibility under Federal Rule of Evidence 702" and Federal Rule of Evidence 703. Doc. Nos. 113, 121. Federal Rule of Evidence 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[2] The Pleskovichs further argue that evidence of Michael Craig Pleskovich's alleged intoxication should not be permitted at trial because the evidence available does not reasonably establish intoxication and thus is inadmissible as unfairly prejudicial. Doc. No. 109, 17. The Court finds such arguments are not appropriately dealt with in a Motion for Summary Judgment.

8

Federal Rule of Evidence 703 provides that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Although it acknowledges that a Daubert hearing is the typical procedure to evaluate the admissibility of an expert's testimony, Ford contends that the record is sufficiently developed to conclude that these Plaintiffs' experts' "testimony is plainly lacking in scientific rigor, so speculative and unsupported, and is so inconsistent with the evidence as to obviate the need for a hearing." Doc. Nos. 113 and 121, 2.

*i. Objections to Mr. Leiss' Opinions*

Mr. Leiss' testimony, at issue, is that Ford should have equipped the 2000 Ranger with a Side Impact Curtain Airbag or an Inflatable Tubular System which, when deployed in a rollover accident, could have prevented the occupants from being partially or fully ejected from the vehicle. Doc. No. 119-A.

Ford objects to Mr. Leiss' opinions because: (1) he does not have any degrees other than a B.S. in mechanical engineering; (2) his C.V. does not list any biomechanical education, training or qualifications; and (3) he did not do any testing or analysis to determine if a Side Airbag Inflatable Curtain would have fit or functioned in the 2000 Ford Ranger or if the vehicle occupants would have remained in the vehicle. Doc. No. 113.

Review of Mr. Leiss' C.V. and expert report leads the Court to the determination that the record is sufficiently developed such that a Daubert hearing is not necessary. The Court finds that Mr. Leiss' education and work experience is sufficient to qualify him as an expert on the

issues to which he may testify. Ford's arguments as to Mr. Leiss' qualifications highlight his lack of Ph.D. and biomechanical background, neither of which are required by the Federal Rules of Evidence. The qualifications and experience that Mr. Leiss does have outweighs Ford's arguments that certain qualifications are lacking. As outlined in his expert report and affidavit, Mr. Leiss' opinion is also based on sufficient facts and data which have been applied to the case with reliable methods. These methods and data are reasonable and reliable and are not "so unreliable that no reasonable expert could base an opinion on them" so that they must be excluded. F. R. Evid. 703, *In re TMI Litig.*, 193 F.3d 613, 697 (3d Cir. 1999). Ford's arguments can be raised on cross-examination and can be countered by its own experts.

Although Ford objects to Mr. Leiss' opinions on three grounds, its main argument is that his opinions do not meet Plaintiffs' prima facie burden to establish crashworthiness under Pennsylvania law. Doc. No. 113, 12. In essence, Ford contends that Mr. Leiss' opinions do not demonstrate that the decedents' injuries and deaths were enhanced injuries, *i.e.*, "injuries that [they] can prove [they] would not have sustained if [they] had been riding in a crashworthy vehicle." *Carrasquilla v. Mazda Motor Corp.*, 963 F. Supp. 455, 458 (M.D. Pa. 1997). The Court believes that Mr. Leiss' opinion establishes a prima facie case of crashworthiness. *Kupetz v. Deere & Co., Inc.*, 644 A.2d 1213, 1218 (Pa. Super. 1994). Specifically, through expert testimony, Plaintiffs will present opinion evidence that the Ford Ranger was defective because it did not have certain airbags and glazing systems which were feasible alternative designs, that no injury would have occurred with these alternative designs, and that the Ford Ranger's design enhanced the victims' injuries. Mr. Leiss specifically sets forth that he believes the primary cause of death was the parties' ejection which could have been prevented if Ford had implemented features that Ford knew were available (since as early as 1995) and which could

have been implemented in the 2000 Ford Ranger. Doc. No. 115-1, 9. The Court finds that Mr. Leiss' conclusions as to these issues reliably flow from the facts known to him and the methodology he uses. *See Oddi v. Ford Motor Co.*, 234 F.3d 136, 142 (3d Cir. 2000). This "fits" the facts of the case and Plaintiffs' burden to prove their causes of action.

The cases cited by Ford to support their Motion for Summary Judgment on this issue are distinguishable from the present case because in those cases the Plaintiffs did not produce expert reports or other evidence to prove their claims. *See Koplove v. Ford Motor Co.*, 795 F.2d 15 (3d Cir. 1986), *Hodge v. Catepillar, Inc.*, 1992 WL 98415, * 2 (E.D. Pa. 1992). Here, based upon Mr. Leiss' opinions, which are admissible, a reasonable jury may conclude that Ford is liable to Plaintiffs. Therefore, Ford's Motion for Summary Judgment on this issue will be DENIED.

> *ii. Objections to Dr. Batzer's Opinions*

Dr. Batzer's testimony, as contained within his expert report, centers on his conclusion that the 2000 Ford Ranger involved in the fatal crash should have been designed with laminated glass on the driver's side window affixed with "deep seals." Doc. No. 123-A. Ford objects to the opinions of Dr. Batzer because he: (1) has never worked as an automobile manufacturer; (2) has never designed a glazing system for a production level vehicle; (3) has never offered an expert opinion on the design of a Ford Ranger; and (4) his opinion is only relevant if the driver's side windows were fully closed, which he has no opinion about. Doc. No. 121, 3.

Dr. Batzer supports his opinion that the windows were fully closed, but concedes that it is "inconclusive" if they were. Doc. No. 123-A, 10. Ford contends that Dr. Batzer's testimony must be excluded because Dr. Batzer's alternative design depends on fully closed windows and he cannot confirm whether the windows were fully closed at the time of the accident. Doc. No. 121, 11. The Court agrees with Plaintiffs that the position of the driver's side window is a

genuine issue of material fact that should be determined by the jury. The inconclusiveness of the window's position is not an expert admissibility question for the Court pursuant to Federal Rule of Evidence 702 or 703.

Ford does not further expand on its arguments related to Dr. Batzer's qualifications. Nevertheless, after review of Dr. Batzer's C.V. and expert report, the Court finds that his expert testimony is admissible pursuant to the Federal Rules of Evidence. The record is sufficiently developed such that a Daubert hearing is not necessary. Therefore, Ford's Motion for Summary Judgment and Motion to Exclude the Testimony of Dr. Batzer will be DENIED.

**V. Conclusion**

An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties