**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Michael Gilmore, as Administrator<br>of the Estate of Jenna Lyn Gilmore | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | Civil Action No.  2:12-CV-00547-AJS |
| Ford Motor Company | ) | **LEAD CASE** |
| | ) | |
| Defendant | ) | |
| v. | ) | |
| | ) | |
| Charles Cooper, Michael Pleskovich and<br>Barbara J. Pleskovich as Administrators<br>of the Estate of Michael Craig Pleskovich,<br>and Frank Janoss, | ) | |
| | ) | |
| Third-Party Defendants | ) | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| Michael L. Pleskovich and<br>Barbara J. Pleskovich, as<br>Co-Administrators of the Estate<br>of Michael Craig Pleskovich | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | Civil Action No.  2:12-CV-00548-AJS |
| Ford Motor Company | ) | **MEMBER CASE** |
| | ) | |
| Defendant | ) | |
| v. | ) | |
| Charles Cooper and Frank Janoss, | ) | |
| | ) | |
| Third-Party Defendants | ) | |

**MEMORANDUM ORDER RE: PARTIES' MOTIONS IN LIMINE AND FORD'S
MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLEAD AFFIRMATIVE
DEFENSE OF PREEMPTION**

AND NOW, this 27th day of February 2013, after careful consideration of the Motions in Limine pending before this Court, as well as the briefs in support thereof and the Responses in Opposition, IT IS HEREBY ORDERED that:

1. Ford Motor Company's Motion in Limine to Preclude Plaintiffs from Offering any Testimony Regarding Alleged Handling/Stability Defects and/or any other Alleged Defect(s) not Identified in Plaintiffs' Expert Reports or in Plaintiffs' Statement of Claims (Doc. No. 178) is **DENIED**.

2. Ford Motor Company's Motion in Limine to Exclude Evidence of Post-Manufacture Design Changes (Doc. No. 180) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs may not introduce evidence of design changes to Ford vehicles after the 2000 Ford Ranger left Ford's control unless Ford introduces testimony or evidence that the 2000 Ford Ranger was not designed in the way Plaintiffs suggest because it was not technically feasible.

3. Ford Motor Company's Motion in Limine to Exclude Evidence or Argument Regarding Ford Motor Company's Use of Tempered Glass Rather than Laminated or Glazed Glass on the Basis of Preemption (Doc. No. 182) is **DENIED**. The Court finds that this Motion in Limine should be denied even if Ford's Answer included preemption as an affirmative defense. Therefore, Ford's Motion for Leave to File Amended Answer to Plead Affirmative Defense of Preemption (Doc. No. 266) is also **DENIED**.

4. Ford Motor Company's Motion in Limine to Preclude Evidence of Loss of Consortium Claim for Loss of Services of Adult Children (Doc. No. 186) is **DENIED**.

5. Ford Motor Company's Motion in Limine to Preclude Introduction of Jenna Gilmore Memorial Video, Wrist Bands for Jenna Gilmore and Evidence of "Jenna" Award (Doc. No. 188) is **GRANTED IN PART AND DENIED IN PART**. The Court believes that the probative value of the wristbands and memorial video (which Plaintiffs indicate they do not intend to show) are substantially outweighed by the danger of unfair prejudice to Defendant. Plaintiffs are permitted to introduce evidence of the "Jenna" Award which may be relevant to damages.

6. Ford Motor Company's Motion in Limine to Admit Evidence of Industry Standards and Customs (Doc. No. 190) is **DENIED**. Consistent with this Court's rulings in other cases, the Restatement (Second) of Torts will apply to this case. *See Konold v. Superior Int'l Indus. Inc.*, --- F.Supp.2d ---, 2012 WL 5381700 (W.D. Pa. Oct. 31, 2012).

7. Ford Motor Company's Motion in Limine to Preclude Dr. Batzer's Novel Proposed Alternative Design (Doc. No. 192) is **DENIED**. See the Court's Opinion on the parties' Motions for Summary Judgment which addressed this issue. Doc. No. 155.

8. Ford Motor Company's Motion in Limine to Preclude Evidence of other Incidents, Lawsuits or Complaints (Doc. No. 194) is **GRANTED** unless made relevant by a parties' questioning**.**

9. Charles Cooper's Motion in Limine Regarding Plaintiffs' Evidence Against Cooper (Doc. No. 196) is **DENIED**.

10. Charles Cooper's Motion in Limine Regarding Evidence of Drug and Alcohol Consumption (Doc. No. 197) is **GRANTED**.

11. Charles Cooper's Motion in Limine Regarding Lack of Joint Tortfeasor Status (Doc. No. 198) is **DENIED**. *See Herbert v. Gen. Motors*, 05-2152 (M.D. Pa. Sept. 28, 2007)(Kosik, J.).

12. Charles Cooper's Motion in Limine to Preclude Evidence of Other Crimes (Doc. No. 199) is **GRANTED.** This Motion was not opposed by Ford Motor Company.

13. Plaintiffs'[1] Motion in Limine to Preclude Dr. Michael Carhart from Rendering any Biomechanical, Occupant Kinematic, or Accident Reconstruction Opinions (Doc. No. 202) is **DENIED**.

14. Plaintiffs' Motion in Limine to Preclude Evidence of and References to Seat Belt Usage and the Seatbelt Defense (Doc. No. 204) is **GRANTED**. *See Carrasquilla v. Mazda Motor Corp.*, 197 F.Supp. 2d 169 (M.D. Pa. 2002) (McClure, J.).

15. Plaintiffs' Motion in Limine to Preclude Dr. Michael Baden from Commenting on Plaintiffs' Decedents' Speculated "Alcohol Abuse" and Shortened Life Expectancy (Doc. No. 206) is **GRANTED**. Dr. Baden may not suggest to the jury directly or indirectly that the decedents abused alcohol and that such abuse would have shortened their life expectancies.

16. Plaintiffs' Motion in Limine to Preclude Dr. Michael Baden from Commenting that Michael Pleskovich Suffered a Traumatic Brain Injury that Rendered Him Immediately Unconscious (Doc. No. 207) is **DENIED**.

---

[1] Unless otherwise specified, "Plaintiffs" refers to Michael and Barbara Pleskovich and Michael Gilmore.

17. Plaintiffs' Motion in Limine to Preclude Evidence of Industry Standards and Practices (Doc. No. 209) is **GRANTED**. The Restatement (Second) of Torts will apply to this case. *See Konold*, 2012 WL 5381700.

18. Plaintiffs' Motion in Limine to Preclude Evidence of Compliance with Governmental Standards, including, but not limited to, FMVSS and ANSI (Doc. No. 210) is **GRANTED**.

19. Michael and Barbara Pleskovich's Motion in Limine, as Third-Party Defendants, Regarding Seat Belt Usage (Doc. No. 212) is **GRANTED**. 75 Pa.C.S.A. § 4851(e).

20. Michael and Barbara Pleskovich's Motion in Limine, as Third-Party Defendants, Regarding Restatement (Second) of Torts § 324 (Doc. No. 213) is **GRANTED**. The Court's previous Memorandum Opinion re: Parties' Motions for Summary Judgment found that claims against Michael Pleskovich should not be dismissed at that time because Ford *intended* to present certain evidence to the jury. When this case proceeds to jury trial, evidence related to use or non-use of seatbelts will not be admitted to the jury.


The trial scheduled to begin on April 15, 2013, will proceed according to these rulings.

SO ORDERED,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties