# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Gilmore, as Administrator ) <br> of the Estate of Jenna Lyn Gilmore ) <br> ) <br>         Plaintiff ) <br> v. ) <br> ) <br> Ford Motor Company ) <br> ) <br>         Defendant ) <br> v. ) <br> ) <br> Charles Cooper and Michael Pleskovich and ) <br> Barbara J. Pleskovich as Administrators ) <br> of the Estate of Michael Craig Pleskovich, ) <br> ) <br> ) <br>         Third-Party Defendants ) | Civil Action No. 2:12-CV-00547 <br> **LEAD CASE** |

**CONSOLIDATED WITH**

| | |
|---|---|
| Michael L. Pleskovich and ) <br> Barbara J. Pleskovich, as ) <br> Co-Administrators of the Estate ) <br> of Michael Craig Pleskovich ) <br> ) <br>         Plaintiffs ) <br> v. ) <br> Ford Motor Company ) <br> ) <br>         Defendant ) <br> v. ) <br> Charles Cooper, ) <br> ) <br>         Third-Party Defendant ) | Civil Action No. 2:12-CV-00548 <br> **MEMBER CASE** |

# MEMORANDUM ORDER RE: FORD'S
# MOTION FOR RECONSIDERATION (DOC. NO. 277)

## I. Introduction

Currently before the Court is Defendant Ford Motor Company's ("Ford's") Motion for Reconsideration. Doc. No. 277. On February 27, 2013, this Court entered a Memorandum Order resolving 19 Motions in Limine and Ford's Motion for Leave to File an Amended Answer. Doc. No. 274. In that Order, the Court ruled that it would follow its previous Opinions on the matter and utilize the Restatement (Second) of Torts. Id. Ford seeks reconsideration of that portion of the Order. Because Ford fails to meet the high standard for Reconsideration, Ford's Motion to Reconsider (Doc. No. 277) will be DENIED.

## II. Standard of Review

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A Court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001). A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes

omitted). Because federal courts have a strong interest in the finality of judgments, Motions for Reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

**III. Discussion**

Ford seeks reconsideration of this Court's Order because the United States District Court for the Middle District of Pennsylvania revisited its choice to apply the Restatement (Second) in *Sikkelee v. Precision Airmotive Corp.*, 07cv00886, Doc. No. 324 (M.D. Pa. Oct. 17, 2012). The District Court did so after the United States Court of Appeals for the Third Circuit refused to grant an application for leave to appeal under 28 U.S.C. § 1292(b). *Sikkelee v. Precision Airmotive Corp.*, 2012 WL 5077571 (3d Cir. Oct. 18, 2012) (*en banc*). In so doing, the United States Court of Appeals stated that "[t]he Pennsylvania Supreme Court has not issued a definitive opinion on whether the Restatement (Third) of Torts or the Restatements (Second) of Torts and applies to strict liability and product defect cases." *Id*. at *1.

The Order by the United States Court of Appeals for the Third Circuit in *Sikkelee* was non-precedential, and this Court is not bound by non-precedential decisions. *In re Grand Jury Investigation*, 445 F.3d 266, 276 (3d Cir. 2006) ("[non-precedential dispositions] are not precedents for the [D]istrict [C]ourts of this circuit"); *United States v. Barney*, 792 F.Supp.2d 725, 729 (D. N.J. 2011). Thus, this Court is free to stand by its position that *Beard v. Johnson & Johnson, Inc.*, 41 A.3d 823, 836 (Pa. 2012) is contrary to *Covell v. Bell Sports, Inc.*, 651 F.3d 357, 360 (3d Cir. 2011). *Konold v. Superior Int'l Indus. Inc.*, — F. Supp. 2d —, 2012 WL 5381700, *6-7 (W.D. Pa. Oct. 31, 2012) (Schwab, J.).

Furthermore, the Court finds that *Reott v. Asia Trend, Inc.*, 55 A.3d 1088 (Pa. 2012), which was issued after the United States Court of Appeals for the Third Circuit's Order in

3

*Sikkelee* and this Court's Opinion in *Konold*, is contrary to *Covell*. The Pennsylvania Supreme Court discussed, in great detail, the contours of Section 402A of the Restatement (Second) of Torts. *Id*. at 1092-1108. The Pennsylvania Supreme Court did not discuss Sections 1 and/or 2 of the Restatement (Third) of Torts. Therefore, there has been no change in controlling law since this Court's Order (Doc. No. 274), there is no new evidence available to the Court, nor was the Court's Order in clear error of the law.

**IV. Order**

AND NOW, this 7th day of March, 2013, IT IS HEREBY ORDERED that Ford's Motion for Reconsideration (Doc. No. 277) is DENIED.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:     All counsel of record

4