# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Gilmore, as Administrator of the Estate of Jenna Lyn Gilmore, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil Action No.  2:12-CV-00547 |
| Ford Motor Company, | ) ) | **LEAD CASE** |
| Defendant, | ) | |
| v. | ) ) | |
| Charles Cooper and Michael Pleskovich and Barbara J. Pleskovich as Administrators of the Estate of Michael Craig Pleskovich, | ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| Michael L. Pleskovich and Barbara J. Pleskovich, as Co-Administrators of the Estate of Michael Craig Pleskovich, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No.  2:12-CV-00548 |
| Ford Motor Company, | ) ) | **MEMBER CASE** |
| Defendant, | ) | |
| v. Charles Cooper, | ) ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM ORDER RE: FORD'S MOTION TO AMEND AND MOTION TO STAY (DOC. NOS. 280 & 282)

**I. Introduction**

Well into the pretrial process, and only one month prior to trial (Doc. No. 36), Ford Motor Company ("Ford") filed two Motions, a Motion to Amend/Correct and a Motion to Stay. Doc. Nos. 280 & 282. On February 27, 2013, this Court entered a Memorandum Order resolving 19 Motions in Limine and Ford's Motion for Leave to File an Amended Answer. Doc. No. 274. In that Order, the Court ruled that it would follow its previous Opinions on the matter and utilize the Restatement (Second) of Torts. Id. On March 7, 2013, the Court denied Ford's Motion for Reconsideration of the decision to apply the Restatement (Second). Doc. No. 279. After careful consideration, Ford's Motion to Amend/Correct and Motion to Stay (Doc. Nos. 280 & 282) will be DENEID.

**II. Standard of Review**

If the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the Court may certify the question for immediate appeal to the United States Court of Appeals for the Third Circuit. 28 U.S.C. § 1292(b).

The Court possesses the inherent discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Courts within this Circuit have considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues; (2) the status of the litigation; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *Ever Win Intern. Corp. v. Radioshack Corp.*, ⎯⎯ F.Supp.2d ⎯⎯, 2012 WL

4801890, * 2 (D. Del. Oct. 8, 2012).

**III. Discussion**

### A. *Sikkelee*- Restatement (Second) vs. Restatement (Third)

Ford has relied upon *Sikkelee v. Precision Airmotive Corp*., 2012 WL 5077571 (3d Cir. Oct. 18, 2012) (*en banc*), as the basis for all of its Motions relating to which Restatement of the Law should apply in this case. Ford argues that certification for an interlocutory appeal should be granted. However, the United States Court of Appeals for the Third Circuit declined to allow an interlocutory appeal on the same issue. *Id*. Ford makes no attempt to argue that the facts of this case are so different from those in *Sikkelee* that the United States Court of Appeals for the Third Circuit would choose to grant leave to appeal this Court's decision to apply the Restatement (Second) when the Court of Appeals did not do so when presented with the same issue. Thus, there is a very low probability that the United States Court of Appeals for the Third Circuit would agree to hear the appeal.

### B. This Court's Previous Rulings- Restatement (Second)

Furthermore, this Court has consistently applied the Restatement (Second) in this case and others. Over three months prior to the deadline for filing Motions in Limine in this case, this Court issued an Opinion, laying out a detailed analysis of why the Restatement (Second) should continue to apply. *Konold v. Superior Int'l Indus. Inc.*, — F. Supp. 2d —, 2012 WL 5381700, *6-7 (W.D. Pa. Oct. 31, 2012) (Schwab, J.). On February 12, 2013, a journal article was published that discussed the split of authority among District Courts within this Circuit. Daniel E. Cummins, *A Maze of Uncertainty: Pennsylvania Product Liability Law Remains in a Confusing State of Flux*, 32 No. 17 Westlaw Journal Automotive 2. That article cited to *Konold*, along with similar cases that have held that the Restatement (Second) is the applicable law in

Pennsylvania. Despite Ford's arguments to the contrary, the Court continues to support its position, especially in the absence of controlling appellate case law or a change within Pennsylvania state courts. *Id*. (citing *Carpenter v. Shu-Bee's Inc.*, 2012 WL 2740896 (E.D. Pa. July 9, 2012); *Schiff v. Hurwitz*, 2012 WL 1828035 (W.D. Pa. 2012) (Schwab, J.); *Sikkelee v. Precision Automotive*, 876 F.Supp.2d 479 (M.D. Pa. 2012); *Gross v. Stryker*, 858 F.Supp.2d 466 (W.D. Pa. 2012) (Fischer, J.); *Thompson v. Med-Mizer Inc.*, 2011 WL 1085621 (E.D. Pa. Mar. 21, 2011)).

### C. Well into the Pretrial Process

As to the status of this litigation, preparations for trial in this matter are already well underway. The Court has already received the parties' pretrial statements (Doc. Nos. 158, 163, 166, 167, 169), witness lists (Doc. Nos. 157, 164, 165), verdict forms (Doc. Nos. 248, 257, 259, 263), voir dire (Doc. Nos. 225, 234, 256), and jury instructions (Doc. No. 235). The Court has ruled on nineteen Motions in Limine (Doc. No. 274). Therefore, granting Ford's Motions, at this late stage, will not simplify the issues that will be submitted to a jury.

In sum, Ford's attempt to have this case stayed to certify this case for an interlocutory appeal, which the United States Court of Appeals for the Third Circuit is unlikely to grant, is a delay tactic by a corporate entity that has the financial resources to litigate this matter for years at the trial and appellate levels. This delay will unduly prejudice Plaintiffs, the estates of two tragically deceased teenagers, who do not have the same resources as Ford. Granting of Ford's Motions would be contrary to the purpose of 28 U.S.C. § 1292(b), which is to allow for the efficient administration of justice. *See also* Fed. R. Civ. P. 1.

**IV. Order**

AND NOW, this 12th day of March, 2013, IT IS HEREBY ORDERED that Ford's Motion to Amend (Doc. No. 280) and Motion to Stay (Doc. No. 282) are **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record